Carl E. Douglas, Esq. (SBN: 097011)
Jamon R. Hicks, Esq. (SBN: 232747)
Bianca V. Perez, Esq. (SBN: 327590)
**DOUGLAS / HICKS LAW, APC**
5120 W. Goldleaf Cir, Suite 140
Los Angeles, California 90056
Telephone: (323) 655-6505
Facsimile: (323) 927-1941
Jamon@douglashickslaw.com

Attorneys for Plaintiff,
MILEENA GARCIA

# UNITED STATES OF DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILEENA GARCIA, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BEAUMONT, a public entity; OFFICER GREGORY ADAMS (#778), individually; and DOES 1 through 20, inclusive,<br><br>Defendants. | **CASE NO.: 5:22-cv-1629**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **CIVIL RIGHTS VIOLATION – 42 U.S.C. SECTION 1983**<br>2. **CIVIL RIGHTS VIOLATION – 42 U.S.C. SECTION 1983 – *MONELL LIABILITY*** <br><br>**JURY TRIAL DEMAND** |

## INTRODUCTION

This is an action for monetary and punitive damages against the CITY OF BEAUMONT, Officer GREGORY ADAMS (#778), individually and in his official

capacity and DOES 1 through 20 for violations of Plaintiff's constitutional rights results from application of the CITY OF BEAUMONT and the Beaumont Police Department's policies, practices, and customs concerning the use of strip searches by BEAUMONT police officers.

Defendants' strip search policies, practices, and customs violate the Plaintiff's rights that are secured by the Fourth and Fourteenth Amendments to the United States Constitution and entitles Plaintiff to recover damages under Federal Civil Rights Act (42 U.S.C. Section 1983).

## JURISDICTION

This action is brought pursuant to 42 USC §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 USC §§1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.  Under 28 USC § 1367(a) the Court has supplemental jurisdiction over the state claims alleged herein.

## PARTIES

1. Plaintiff MILEENA GARCIA at all material times here, was a citizen of the United States and resident of the State of California who was subjected to an unlawful strip search, prior to being arrested and/or without the Defendants first having, and recording in writing, a reasonable suspicion that the searches would produce contraband or weapons.

2. Defendant BEAUMONT police officer GREGORY ADAMS ("ADAMS"), is and at all material times referred to here, was an officer with the CITY OF BEAUMONT (the "CITY" or "BEAUMONT") and Beaumont Police Department.  He is sued in both his individual and official capacities.

3. Defendant BEAUMONT's police officers, sued here by their fictitious names (Does 1 through 20) are all officers who, as part of their duties at the

Beaumont Police Station, subjected Plaintiff GARCIA to a pre-arrest strip search without having, and/or recording in writing a reasonable suspicion that the search would produce contraband or weapons and/or conducted the complained of search so that they could be observed by persons not participating in the searches.  In fact, there was no reason to conduct the search at all since Plaintiff GARCIA was not under arrest.

4. At all material times mentioned here, each of the Defendants ADAMS and Does 1 – 20 was acting under the color of law and under color of statutes, ordinances, regulations, policies, customs and usages of the State of California, the CITY OF BEAUMONT and/or the Beaumont Police Department.

5. Defendant BEAUMONT is, and at all material times referred to here, was a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of the types of wrongs complained of here, which wrongs damaged GARCIA.  Plaintiff's allegations against BEAUMONT are based on acts and omissions of the CITY and the Beaumont Police Department and on acts and omissions of persons who are BEAUMONT employees, and on the CITY's breach of its duty to protect GARCIA from the wrongful conduct of these persons and employees.

6. DOE Defendants 11 through 20 also maintained or permitted an official policy or custom of causing or permitting the occurrence of the types of wrongs complained of here, which wrongs damaged GARCIA.

## FACTS

7. This is a civil rights action for damages against the CITY OF BEAUMONT and the Beaumont Police Department and Defendant GREGORY ADAMS on account of their practice of viewing and videotaping and/or photographing strip-searches conducted of women suspects, including GARCIA.  A strip search is a visual scan of a suspect's naked body after clothing has been removed.  The policy includes

having women suspects like GARCIA take off or remove her clothes. While this is occurring, the search is recorded on body cam while the officer stands just a few feet away.

8. Defendant ADAMS is male, and in committing the acts complained of here in violation of the United States Constitution, California law, national correctional standards and the basic human dignity that these authorities are supposed to protect. "The desire to shield one's unclothed figure from the view of strangers, and particularly strangers of the opposite sex is impelled by elementary self-respect and personal dignity." *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1147 (9th Cir. 2011) [describing a litany of cases over the last thirty years finding that cross-gender strip searches in the absence of an emergency are unconstitutional.]

9. This is not the first time that Defendant ADAMS has committed these acts. A previous lawsuit was filed against him for similar actions. The CITY is aware of the issues with Defendant ADAMS but has not subjected him to any disciplinary action thus allowing him to violate other women.

10. Defendant CITY is responsible for this unconstitutional practice. Defendant CITY has created and maintained written strip search policies that permit male officers to record naked women (including minor girls). The CITY knows, or through the exercise of reasonable diligence should know of and condones the fact that in practice, the officer recording the women suspects is almost always male. Defendant CITY created and maintained written policies with knowledge that male officers would routinely view naked female suspects (including minor girls) as they were being strip searched or acted with conscious and reckless disregard of this fact. Defendant CITY was aware of this practice and permitted it to continue in violation of the Fourth Amendment to the United States Constitution. The CITY had an obligation to correct this practice so that it would conform to the Constitution. By permitting the practice of routinely allowing male officers to film naked women (including minor girls) being strip searched to continue, Defendants

acted with reckless indifference to GARCIA"s constitutional rights. Defendants deprived GARCIA of her clearly established right, guaranteed by the Constitution of the United States, to be free from unreasonable searches.

11. On or about August 14, 2021, ADAMS conducted an illegal strip search of GARCIA at or near Palmer Park in Beaumont, CA. Around 3:30 a.m., GARCIA and her friend, Michael Torres, were sitting inside a parked car near Palmer Park when ADAMS approached their vehicle with another officer. ADAMS and the second officer were on foot and their patrol vehicle was not in sight.

12. After GARCIA and her friend stepped out of the car, ADAMS ordered the second officer to get the patrol vehicle, leaving ADAMS alone with GARCIA and her friend. ADAMS asked GARCIA where her pockets were. GARCIA responded they were on her sides, indicating the side pockets on the hips of her shorts. GARCIA was wearing tight fitting shorts and a tight fitting tank top. Thus, if GARCIA had anything in her pockets it would have been clearly visible.

13. ADAMS stood behind GARCIA and grabbed the top waistband of the back of GARCIA's shorts. ADAMS pulled the waistband back, exposing GARCIA's buttocks. GARCIA was not wearing underwear beneath the shorts. GARCIA exclaimed that she would have told ADAMS that she was not wearing underwear if GARCIA had known ADAMS was going to pull on her shorts.

14. ADAMS said nothing. Instead, ADAMS reached his arms around GARCIA's body and pulled out the front waistband of her shorts. ADAMS stretched GARCIA's shorts forward and used his flashlight to look inside the front of GARCIA's shorts. ADAMS viewed GARCIA's nude pubic area with his flashlight.

15. Then, the second officer returned with the patrol vehicle. ADAMS repeatedly asked GARCIA if she had anything in her bra. GARCIA pulled the underwire of her bra away from her body to show there was nothing in her bra.

ADAMS said that if GARCIA was lying to him, ADAMS would have a female cop come to search GARCIA "worse than [he] did just now."

16. The officers sat GARCIA and her friend in the back seat of the patrol car while ADAMS searched the car. ADAMS called the other officer over to look at something inside the car. GARCIA's phone, which was closed but unlocked, was inside the car. After a time, the officers returned to the patrol vehicle and let GARCIA and her friend go. ADAMS warned that if he ever saw GARCIA or her friend in his town again he would "fuck [her ]off". GARCIA's friend, who was male, was never searched.

17. When GARCIA and her friend returned to their car, GARCIA noticed her photographs were open on her phone. Google data confirmed that the officers looked through GARCIA's phone, including GARCIA's personal and private sexually explicit photographs while they searched the car.

18. When GARCIA later complained about the outrageous search to the BEAUMONT station, officers told her not to get an attorney involved. The officers encouraged GARCIA to file a complaint in person without an attorney.

19. This is not the only time that Defendant ADAMS has engaged in this inappropriate behavior. On or about December 23, 2017, minor M.L.V. was subjected to an invasive strip search where she was humiliated and degraded. Defendant ADAMS coerced her into an interview room under the guise of having to take pictures for an investigation into a fight that had taken place days earlier. Even with minor's mother present, and to her mother's disgust, Defendant ADAMS instructed minor M.L.V. to remove her top, including her bra, while he recorded the process.

20. He then told her to turn around slowly. Furthermore, Defendant ADAMS told minor M.L.V. to remove her jeans and to again, turn around slowly. As a result of having to endure this unlawful and humiliating search and seizure, minor M.L.V. sustained serious emotional injury to her mind and body. She

incurred medical costs for counselors and therapists to examine, treat, and care for her.

21.  Consequently, Defendant ADAMS' actions under these circumstances were despicable, unlawful, malicious, oppressive, and with a deliberate indifference to Plaintiffs' rights. Minor M.L.V. filed a lawsuit against Defendant ADAMS on September 28, 2018. *Angela Santa Cruz v. City of Beaumont et al*, 2:18-CV-08427.

22.  Defendant CITY failed to properly train Defendant ADAMS and other Beaumont Police Officers on cross-sex strip searches. Alternatively, Defendant ADAMS and DOES 1 through 10 failed to implement the training they had received from the CITY concerning cross-sex strip searches.

23.  Plaintiffs are further informed and believe that Defendant ADAMS and DOES 1 – 20 have conspired, and continue to conspire, to hide and distort the true facts concerning this incident.  This conspiracy is furthered by Defendant ADAMS and Defendants 1 – 20 preparing false and misleading reports, as well as providing false and misleading statements concerning the true nature of their interaction with these Plaintiffs.

24.  Defendants CITY and DOES 11 – 20 are personally responsible for the promulgation and continuation of the strip search policy, practice and custom pursuant to which GARCIA was subjected.

25.  As a result of being subjected to the strip searches complained of here, Plaintiff suffered physical, mental, and emotional distress, invasion of privacy, the loss of enjoyment of life, and a violation of due process of law and federal statutory and constitutional rights all in an amount to be determined according to proof at trial.

///
///
///
///

## COUNT ONE

### (*Violation of Fourth and Fourteenth Amendments to the U. S. Constitution on behalf of Plaintiff GARCIA against all Defendants*)

26.   Plaintiff restates and hereby incorporates here the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

27.   Defendants' policies, practices, and customs regarding the strip search complained of here violated GARCIA'S rights, under the Fourth Amendment to be free from unreasonable searches and seizures; violated GARCIA'S rights to due process and privacy under the Fourteenth Amendment; and directly and proximately damaged Plaintiff, and all those similarly situated, as alleged here, all in an amount to be determined according to proof at trial. Moreover, GARCIA, and all class members are entitled to recover damages for these constitutional violations pursuant to 42 U.S.C. Section 1983 all in an amount to be determined according to proof at trial.

## COUNT TWO

### (*Municipal Liability for Unconstitutional Custom, Practice or Policy 42 U.S.C. § 1983, on behalf of Plaintiff M.L.V. against all Defendants*)

28.   Plaintiff restates and hereby incorporates here the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

29.   On and for some time prior to August 14, 2021 (and continuing to present date) Defendants deprived PLAINTIFF of rights and liberties secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in her class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy

and practice of those set forth in the paragraphs above, and:

    a.    Employing and retaining Defendant ADAMS who, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing his authority and for mistreating women citizens by failing to follow written Beaumont Police Department policies concerning strip searches. This is especially evident given the prior complaint and lawsuit involving ADAMS and minor M.L.V.;

    b.    Of inadequately supervising, training, controlling, assigning, and disciplining Defendant ADAMS, who CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits (especially given his prior lawsuit involving very similar facts);

    c.    By failing to adequately train Defendant ADAMS and failing to institute appropriate policies, regarding strip searches, including the inappropriate use of a body camera during the strip search;

    d.    By having and maintaining an unconstitutional policy, custom, and practice of inappropriate strip searches allowing for cross-sex inspection. These policies, customs, and practices were done with a deliberate indifference to GARCIA's safety and rights; and

    e.    Of completely inadequately training and re-training Defendant GARCIA especially after the incident involving M.L.V., with respect to cross sex strip searches.

    f.    Of failing to sufficiently discipline Defendant GARCIA after the incident involving M.L.V. thus allowing him to maintain the same inappropriate behavior with Defendant GARCIA and other women citizens;

30.     By reason of the aforementioned policies and practices of CITY and DOES 1-10, PLAINTIFF was severely emotionally injured and subjected to extreme emotional distress, and loss of enjoyment of life.

31.     Defendants CITY and DOES 1-10, together with various other

officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of GARCIA and other women similarly situated.

32. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 1-10, acted with an intentional, reckless, and callous disregard for the constitutional rights of GARCIA. Defendants CITY and DOES 1-10, actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

33. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by CITY and DOES 1-10, were affirmatively linked to and were a significantly influential force behind the injuries of GARCIA.

34. By reason of the acts and omissions of Defendants CITY and DOES 1-10, GARCIA incurred damages, including but not limited to, medical expenses, loss of enjoyment of life and earning capacity.

35. By reason of the acts and omissions of CITY and DOES 1-10, GARCIA has suffered embarrassment, humiliation, anxiety, depression, severe and extreme emotional distress.

36. Accordingly, Defendants CITY and DOES 1-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

37. PLAINTIFF also seeks attorney fees under this claim.

///

///

///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment as follows:

1. For declaratory and injunctive relief declaring illegal and enjoining, preliminarily and permanently, Defendants' policies, practices, and customs of subjecting pre-arraignment detainees to cross-gender strip and visual body cavity searches without having a reasonable suspicion that such searches would be productive of contraband or weapons and conducting said searches in a non-private area observable by persons not participating in the search;

2. For compensatory, general, and special damages for Plaintiff, as against all Defendants in an amount to be determined according to proof at trial;

3. For exemplary damages as against each of the individual Defendants in an amount sufficient to deter and to make an example of those Defendants, in an amount to be determined according to proof at trial;

4. Attorneys' fees and costs under 42. *U.S.C.* § 1988.

5. The cost of this suit and such other relief as the court finds just and proper.

Respectfully Submitted,

Dated: September 14, 2022

***DOUGLAS / HICKS LAW, APC***

By**:**   */s/ Jamon R. Hicks*
  Jamon R. Hicks, Esq.
  Attorneys for Plaintiffs

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

Dated: September 14, 2022      ***DOUGLAS / HICKS LAW, APC***

By***:    /s/ Jamon R. Hicks***
　　　Jamon R. Hicks, Esq.
　　　Attorneys for Plaintiff

*DOUGLAS / HICKS LAW, APC*
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
(323) 655-6505
FAX (323) 927-1941